## UNITED STATES v. BLOSSBURG MERCANTILE CO.

District Court, D. New Mexico. April 5, 1928.

No. 1780.

John W. Wilson, U. S. Dist. Atty., of Albuquerque, N. M.

Crampton & Darden, of Raton, N. M., and Thomas B. Harlan, of St. Louis, Mo., for defendant.

NEBLETT, District Judge. This cause having come on regularly to be heard before the court at Santa Fé, in the District Court aforesaid, without a jury, the parties hereto having by stipulation duly filed herein waived a jury, on the 26th day of March, A. D. 1928, the plaintiff appearing by and through its United States district attorney, John W. Wilson, and the defendant appearing by its attorneys, Crampton & Darden and Thomas B. Harlan, and the plaintiff and the defendant having introduced their evidence, and the court having heard and considered the arguments of counsel, and having taken said cause under advisement, and being now fully advised in the premises, makes the following findings of fact, to wit:

### Findings of Fact.

I. That the United States Board of Tax Appeals, on the 16th day of December, A. D. 1926, made a redetermination of the income and profits tax due by the defendant to the plaintiff for the year 1920, and so computed the same as to show that the defendant was indebted to the plaintiff as a balance on such income and profits tax for said year in the sum of $154.49; that the defendant acquiesced in such redetermination, and that prior to the bringing of this suit, and on or about the 7th day of May, A. D. 1927, said defendant duly paid to the plaintiff's collector of internal revenue at Albuquerque, N. M., said balance or deficiency, together with lawful interest thereon.

II. That the pleadings in this cause are so framed by allegation and admission as to exclude from this cause every other issue, except the question of whether the rights of defendant under the written agreement, attached to plaintiff's petition and marked "Exhibit A" thereto, are tangible or intangible property, within the meaning of section 325 of the Revenue Act of 1918 (Comp. St. § 6336⅞sh); that the attorneys for the plaintiff and defendant on the trial of this cause substantially agreed that, if the rights evidenced by said contract were tangible, the defendant was entitled to judgment, and that the facts upon such issue are:

(a) The defendant is, and at all times since prior to the year 1906 has been, a New Mexico corporation, with its principal office at Raton, N. M., and now is, and at all such times has been, engaged in the business of selling merchandise and supplies, including meat, provisions, oil, etc. Prior to the year 1905 the defendant maintained stores at the mines of a company known as the Raton Coal & Coke Company, under arrangements which gave it no definite tenure of its store sites, and no rights at all beyond the life of the Raton Coal & Coke Company.

(b) In July, 1905, a coal corporation was organized, known as St. Louis, Rocky Mountain & Pacific Company, which acquired all of the assets of said Raton Coal & Coke Company, and the latter company was then dissolved.

(c) On July 26, A. D. 1906, said St. Louis, Rocky Mountain & Pacific Company and one Charles Springer entered into a written agreement, which said agreement, together with the assignment thereof, as hereinafter found, is in words, letters and figures as follows:

"This agreement, made the 26th day of July, A. D. 1906, by and between the St. Louis, Rocky Mountain & Pacific Company, a corporation organized under the laws of the territory of New Mexico, first party, and

Charles Springer, of the county of Colfax, in said territory, second party, witnesseth:

"That for and in consideration of the sum of one dollar ($1.00) in hand paid by second party, the receipt whereof is hereby acknowledged, and in further consideration of the covenants and agreements hereinafter mentioned on the part of second party, to be kept and performed, first party has granted, demised, and let, and does by these presents grant, demise, and let, unto second party, for and during the term of 99 years next after the date hereof, the exclusive right and privilege of selling merchandise and supplies of every kind, including meats, oil, powder, and liquors, at the new mining camp of first party, called Koehler or Prairie Crow Creek, and at any other mining camp or place within the limits of the lands now or hereafter owned or controlled by first party, or at any mining camp established by first party upon lands in which it owns the coal rights, together with the right to select and occupy from time to time such ground or real estate as he or his associates or assigns may require for buildings necessary for carrying on said business, provided such ground at the time of such selection shall not be required by first party for other use.

"Second party agrees that he will accept in payment for merchandise, supplies, goods, and other articles, pay checks, orders, or other evidences of indebtedness or credit, which first party shall lawfully issue to its employés and contractors; and first party agrees to redeem such pay checks, orders, and evidences of indebtedness or credit in cash within 30 days after presentation.

"Second party agrees to supply first party such goods and supplies as it may need for its own use at cost plus 10 per cent. to cover cost of handling.

"This agreement is subject to the rights and privileges of Blossburg Mercantile Company under existing contracts and agreements.

"Second party agrees to organize a corporation to which he will transfer all the rights and privileges hereby granted, and that he will cause to be transferred and delivered to first party 57 per cent. of the fullpaid nonassessable stock of such corporation, and that he will advance or procure upon the joint note or notes of himself and his associates and such corporation the capital necessary to construct buildings at Koehler, the cost of such buildings to be repaid out of profits of the business, so that first party shall not be called upon for any assessment on account of said 57 per cent. of stock.

"This agreement shall be binding upon and inure to the benefit of the successors, heirs, and assigns of the parties hereto respectively.

"In witness whereof, St. Louis, Rocky Mountain & Pacific Company has caused this instrument to be executed on its behalf by Mr. J. Van Houten, its vice president, attested by its secretary, and its corporate seal to be hereunto affixed by authority of its board of directors, and second party has hereunto set his hand and seal, the day and year first above written. St. Louis, Rocky Mountain & Pacific Co. [Signed] J. Van Houten, Vice President. [Seal.] Attest: [Signed] A. H. Officer, Secretary. [Signed] Charles Springer.

"Territory of New Mexico, County of Colfax—ss.:

"Be it remembered that on this 27th day of July, A. D. 1906, before me, the undersigned, notary public, personally appeared J. Van Houten, to me well known, who, being by me duly sworn, did depose and say that he is the vice president of the St. Louis, Rocky Mountain & Pacific Company; that the foregoing instrument was executed with the affirmative concurrence of five members of the board of directors; that the seal affixed thereunto is the seal of the said St. Louis, Rocky Mountain & Pacific Company; that said instrument was signed and sealed in behalf of said board by authority of said board, and the said J. Van Houten acknowledged said instrument to be the free act and deed of said board and of said company.

"In witness whereof, I have hereunto set my hand and affixed my official seal the day and year last above written.

"[Seal.] [Signed] H. P. Roseberry,
"Notary Public.

"Territory of New Mexico, County of Colfax—ss.:

"On this 27th day of July, A. D. 1906, before me personally appeared Charles Springer, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

"[Seal.] [Signed] H. P. Roseberry,
"Notary Public, Colfax County, N. M.

"For value received, I hereby sell, assign, and transfer the foregoing contract, with all rights, privileges, and benefits accruing or to accrue to me thereunder, to Blossburg Mercantile Company.

"Witness my hand and seal at Raton, New Mexico, this 22d day of October, A. D. 1906.

"[Signed] Charles Springer. [Seal.]"

(d) On October 22, 1906, the said Charles Springer duly assigned to said defendant said agreement of July 26, 1906, together

with all rights, privileges, or benefits accruing or to accrue to him thereunder by the written agreement hereinbefore set forth, in consideration, among other things, of the issue to the said Charles Springer by the said defendant of $410,000 par value of defendant's capital stock.

(e) On July 26, 1906, said St. Louis, Rocky Mountain & Pacific Company was, and at all times since has been, a corporation engaged in the business of mining coal upon more than 500,000 acres of land in New Mexico, owned by it in fee or in which it owned the coal rights.

(f) Since October 22, 1906, the defendant has selected premises at the several mining camps of said St. Louis, Rocky Mountain & Pacific Company, and has erected and maintained at large expense and outlay to the defendant buildings and facilities thereon for the conduct of its business, and has occupied said premises and buildings under the terms of the agreement of July 26, A. D. 1906, hereinbefore set forth.

(g) That said agreement or contract of July 26, A. D. 1906, hereinbefore set forth, entered into by said St. Louis, Rocky Mountain & Pacific Company and said Charles Springer, was on October 22, A. D. 1906, the date when it was assigned by said Charles Springer to the defendant, of the value of $410,000, and was at and during the year 1920 of the value of $356,161.64.

(h) The Commissioner of Internal Revenue, upon audit of defendant's income and profits tax return for the year 1920, determined that the rights of the defendant under said contract or agreement of July 26, 1906, are intangible property, within the meaning of section 325 of the Revenue Act of 1918, and that it should be included in the defendant's invested capital, subject to the limitations on intangible property provided by section 326 of the Revenue Act of 1918 (Comp. St. § 6336⅞i61), and reduced the defendant's invested capital by the amount of $231,161.64, and determined that there is a deficiency in tax for the year 1920 in the amount of $3,483.22.

(i) On appeal by the defendant to the United States Board of Tax Appeals, the rights of defendant under said agreement or contract of July 22, 1906, were held to be tangible property, within the meaning of section 325 of the Revenue Act of 1918, and on redetermination the defendant's deficiency tax for the year 1920 was determined as hereinbefore found, and that a true copy of the findings of fact, conclusions of law, and judgment of said United States Board of Tax Appeals is attached to defendant's answer herein, and marked Defendant's Exhibit B thereto.

III. That in and by said contract or agreement of July 22, A. D. 1906, and the assignment thereof, the defendant acquired a substantial interest and right in the real estate of said St. Louis, Rocky Mountain & Pacific Company; that said defendant and said St. Louis, Rocky Mountain & Pacific Company have placed a practical construction upon said agreement or contract in and about the establishment and maintenance of defendant's store buildings and facilities, and in and about the operation of defendant's business under said contract or agreement, and in and by said construction said defendant, during the year 1920, enjoyed and used considerable portions of said real estate exclusively, and used and enjoyed a substantial interest and right in and to said real estate, and that the interest and right acquired by said defendant under said contract and agreement, and assignment thereof, both by the terms and provisions thereof and the practical construction thereof by the parties, is an actual, substantial, and tangible interest and right in said real estate, and is tangible property, within the meaning of section 325 of the 1918 Revenue Act.

## Conclusions of Law.

From the foregoing findings of fact the court concludes as a matter of law that the defendant's rights under said agreement or contract of July 22, A. D. 1906, are tangible property, within the meaning of section 325 of the Revenue Act of 1918, and that the defendant is entitled to judgment in its favor.

## Final Judgment.

Now, therefore, it is ordered, adjudged, and decreed by the court that the plaintiff take nothing by its petition herein, and that the defendant go hence hereof without day, and that the defendant herein have judgment in its favor upon the issues raised herein.